IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CRISPIN ESTRADA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-267-Z-BR |
| | § | |
| CITY OF DUMAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
### TO DISMISS FOR WANT OF PROSECUTION
### AND FAILURE TO COMPLY WITH COURT ORDERS

On May 15, 2024, the undersigned issued a Final Order for Plaintiff to Address the Court. (ECF 37). That Order warned that failure to comply with its requirements would lead the undersigned United States Magistrate Judge to recommend to the presiding United States District Judge that this case be dismissed. (*Id.* at 2). The deadline set by that Order passed without any communication from the Plaintiff to the Court. Accordingly, and for the following reasons, the undersigned RECOMMENDS that this case be DISMISSED with prejudice[1] for failure to prosecute and comply with Court orders.

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure allow a court to order the involuntary dismissal of a plaintiff's action "if the plaintiff fails to prosecute or to comply with…a court order." FED. R. CIV. P. 41(b). That rule explicitly provides for dismissal in response to a motion, but has been interpreted as also allowing dismissal on a court's discretionary initiative. *Campbell v. Wilkinson*,

---

[1] Plaintiff has brought claims under 18 U.S.C. § 1983 for violation of constitutional rights based on personal injuries allegedly sustained October 31, 2022. (ECF 2 at 5). In Texas, the statute of limitations for personal injury tort claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Plaintiff has been warned that, if his case is dismissed, he may not be able to bring his claims later in any subsequent lawsuit. (ECF 37 at 2).

988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal…on the court's own motion."). Dismissal, especially with prejudice,  is an extreme measure that must be strictly justified. *Campbell*, 988 F.3d at 801.

The Fifth Circuit Court of Appeals has established a framework to determine when dismissal with prejudice is justified. First, there must be a clear record of either egregious delay or contumacious conduct. *Id.* at 802 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Second, the court must expressly determine that lesser measures "would not prompt diligent prosecution," or else must have attempted lesser measures without success. *Campbell*, 988 F.3d at 802. Even when both requirements are satisfied, the Fifth Circuit generally requires the presence of one or more aggravating factors in the case; the standard examples are "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

## II.    BACKGROUND

When this case was removed to federal court on December 30, 2024, Plaintiff was represented by counsel, Mr. Bradlyn Cole. (*See* ECF 2 at 11 (signature block on Plaintiff's state-court petition)). Plaintiff's counsel filed a Motion to Withdraw on March 12, 2025 on the grounds that Plaintiff had been unresponsive to repeated efforts at communication from his attorney. (ECF 25). The undersigned denied that Motion to Withdraw without prejudice on the grounds that it did not state specifically enough why, after due diligence, Plaintiff's attorney had been unable to obtain Plaintiff's signature on the Motion. (ECF 31).

Plaintiff's counsel filed a Second Motion to Withdraw on April 11, 2025. (ECF 33). The Second Motion provided more detail than the first, and explained that Plaintiff had not corresponded with counsel since November of 2024. (*Id.* at 1). The Second Motion also explained that Plaintiff's counsel had attempted to reach Plaintiff "more than a dozen times" in the two weeks

since the first Motion was denied, by telephone, e-mail, text message, first class mail, and even by calling one of Plaintiff's close family members. (*Id*. at 1–2). Plaintiff did not respond to his attorney's communications, effectively refusing to collaborate in the prosecution of his case. (*Id.* at 2).

On April 15, 2025, the Court issued an Order Granting Plaintiff's Second Motion to Withdraw as Counsel. (ECF 34). That Order, among other things, set two deadlines: first, Plaintiff was to notify the Court on or before April 29, 2025 whether he intended to represent himself moving forward in this lawsuit or whether he intended to retain new counsel; and second, Plaintiff (or his new attorney) was to file any response to certain pending opposed motions on or before May 13, 2025. (*Id.* at 3). Both deadlines passed without any response from Plaintiff.

Before permitting Plaintiff's previous attorney to withdraw, the Court required that attorney to deliver to Plaintiff a copy of the Order allowing withdrawal by the most expeditious manner possible. (*Id.* at 2–3). The attorney filed a Certificate of Service confirming delivery by email the same day the Order issued. (ECF 36). With the Order, the undersigned issued a letter addressed to Plaintiff in which the applicable deadlines were restated and instructions for contacting the Court by telephone were provided. (ECF 35). The letter also warned Plaintiff that dismissal of his lawsuit was possible if he did not respond to the Court. (*Id.* at 1). The Clerk of Court confirmed both the Order and Letter were mailed to Plaintiff's address; they have not been returned.

Finally, on May 15, 2025, the undersigned entered a Final Order for Plaintiff to Address the Court. (ECF 37). That Order noted the history of failure to prosecute this case, and set a deadline of May 30, 2025 for Plaintiff to notify the Court whether he intended to represent himself or retain new counsel. (*Id.* at 1–2). The Order stated, "If Plaintiff does not contact the Court by

that date, **the undersigned will recommend that the presiding United States District Judge dismiss this lawsuit**. (*Id.* at 2 (emphasis in original)). Lastly, the Order warned Plaintiff "that, **if this lawsuit is dismissed, he may not be able to bring his claims in a subsequent lawsuit**." (*Id.* (emphasis in original)). Plaintiff still has not at any time communicated to the Court or to its staff, by mail, telephone, email, or any other method.[2]

## III.    ANALYSIS

It has been six months since Plaintiff has communicated with anybody involved in this case, whether it be his attorney or the Court. (ECF 33 at 1). In that time, numerous attempts to reach out to him have gone unanswered. (ECF 25, 33, 34, 35, 36, *and* 37). Prior to withdrawal, Plaintiff's counsel attempted to adequately prosecute this case, though he was hampered by Plaintiff's noncooperation. (*See* ECF 33 at 2; *see also* ECF 29 (Motion to Amend Complaint, filed while Motion to Withdraw was pending)). Since withdrawal of Plaintiff's counsel, the prosecution of this case has ceased altogether. (*See* ECF 34 (*sua sponte* extending deadlines to respond to motions by Defendants)).

The requirements of *Campbell* are clearly met here. 988 F.3d at 802. Plaintiff's refusal to prosecute his case has resulted in a record of egregious delay that is directly attributable to his own inaction. Further, the repeated and unheeded warnings of the Court clearly show that lesser sanctions than dismissal would not prompt diligent prosecution of this case.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons detailed above, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that Plaintiff's claims in this

---

[2] The undersigned also entered, on May 16, 2025, an Order directing the Clerk of Court to remove Plaintiff's counsel from this case. (ECF 38). That Order was mailed to Plaintiff separately from the Final Order for Plaintiff to Address the Court.

case be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. **If Plaintiff does not reach out to the Court within fourteen days from the date below, and the presiding District Judge adopts this FCR, Plaintiff Crispin Estrada, Jr. will not be able to bring his claims against the Defendants in any new lawsuit.**

## V.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is DIRECTED to send a copy of this FCR to each party by the most efficient means available.

ENTERED June 4, 2025.

_Lee Ann Reno_

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. Service is complete upon mailing, FED. R. CIV. P. 5(b)(2)(C), or transmission by electronic means, FED. R. CIV. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendations set forth by the Magistrate Judge and accepted by the District Judge. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).